**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| COURTNEY FRASER,<br>    Petitioner, | : | Case No. 3:22-cv-315 (OAW) |
| | : | |
|    v. | : | |
| | : | |
| CARON,<br>    Respondent. | : | OCTOBER 6, 2022 |

**RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Courtney Fraser, incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking compassionate release because of the COVID-19 pandemic. Respondent moves to dismiss the petition on the ground that Petitioner has not exhausted his state court remedies before filing this action. For the following reasons, the motion to dismiss hereby is **GRANTED**.

**I.    BACKGROUND**

Petitioner is a sentenced inmate.[1] Petitioner alleges that he is being subjected to unconstitutional conditions of confinement. Petitioner states that he has a partially

---

[1] Petitioner states in his petition that he was sentenced on September 4, 2015. ECF No. 1 (Pet.) at 1 ¶ 4(c). The Department of Correction website, however, indicates that Petitioner was sentenced on November 7, 2019. *See* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=343718 (las visited Sept. 15, 2022). Additional information from the Judicial Branch website explains that Petitioner was found guilty of gun-related crimes (that took place on July 7, 2015), and was sentenced on September 4, 2015, https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=0beacd66-0756-4018-9f11-f9c58acde95b (last visited Sept. 15, 2022), and that he received a jail sentence on November 7, 2019 for committing drug-related crimes on or about March 28, 2018, *see* https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=f62127fa-8214-4ace-

collapsed lung and, therefore, is at a heightened risk of contracting COVID-19.  Petition, ECF No. 1 at ¶ 13, Ground One [hereinafter "Pet."].  Petitioner further alleges that on January 2, 2022, a correctional officer working in his housing unit tested positive for COVID-19, but the housing unit was not sanitized.  *Id.*

On January 14, 2022, nine new inmates arrived in Petitioner's housing unit.  *Id.* at Ground Two.  Plaintiff alleges that he does not believe that inmates had been quarantined and a few developed symptoms.  *Id.*  On January 24, 2022, Petitioner tested positive for SARS.  *Id.*  Finally, Petitioner alleges that correctional staff wear insufficient personal protective equipment.  *Id.* at Ground Three.  Petitioner believes that correctional staff are responsible for introducing infection into the facility.

## II.  DISCUSSION

Petitioner seeks "immediate release and/or home confinement."  *Id.* at 8.  He filed his petition pursuant to 28 U.S.C. § 2241.  As the Second Circuit has held, the fact that Petitioner "invoked section 2241 [does] not, however, require the district court to treat it as a section 2241 petition.  On the contrary, if an application that should have been brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead."  *Cook v. New York State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003) (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)).  Respondent contends that the petition should have been filed under section 2254.  The court agrees.

---

b250-90f6594e98cd (last visited Sept. 15, 2022).  At any rate, it is undisputed that Petitioner was a sentenced inmate on February 28, 2022, when he filed this petition.

Determining whether a petition should be considered under section 2241 or section 2254 is based on the substance of the petition. *Id.* at 278. By its terms, section 2254 applies to "a person in custody pursuant to the judgment of a State court only in the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is incarcerated pursuant to a state court judgment. He contends that his confinement, or custody, violates his Eighth Amendment rights. Thus, the statute exactly corresponds to Petitioner's claims in this action. *See Green v. Quiros*, No. 3:20-CV-1217(CSH), 2021 WL 1670293, at *2 (D. Conn. Apr. 27, 2021) (treating petition filed pursuant to section 2241 by state prisoner seeking compassionate release as filed under section 2254).

Section 2241 is the proper vehicle for a federal prisoner to challenge the execution of a sentence. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 as applying to challenges to the execution of a *federal* sentence."); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (section 2241 properly used to challenge federal inmate's administrative sanctions); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (section 2241 properly used to federal inmate's challenge calculation of credit for time served).

For a state prisoner, Section 2254 is the proper vehicle to challenge the execution of a sentence. In *James*, the Second Circuit explained that "[h]ad Congress intended to make Section 2241 available to state prisoners, it would likely have required, in the interests of comity, that state prisoners challenging the execution of their state-imposed sentences first exhaust their remedies in the state courts." 308 F.3d 162, 167 (2d Cir. 2002). Therefore, a state prisoner "not only may, but according to the terms of section

3

2254 *must* bring a challenge to the execution of his or her sentence . . . under section 2254." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279 (2d Cir. 2003) (construing a state prisoner's petition under section 2241 as brought under section 2254).[2] "A petition under section 2241 is therefore unavailable to him." *Id.* Thus, Section 2254 is the "exclusive procedural pathway for a sentenced state prisoner's challenge in federal court to the execution of her sentence." *Griffin v. Cook*, 2020 WL 2735886, at *3 (citing *James*, 308 F.3d at 167).

Petitioner argues that he may file his petition under section 2241 because, although he is a state prisoner, he is challenging the execution of his sentence, not the validity of his conviction. Pl.'s Opp., ECF No. 11-1 at 5. In support of his argument, Petitioner cites *McPherson v. Lamont*, 457 F. Supp. 3d 67, 74 (D. Conn. 2020). In *McPherson*, the district court considered a class action challenge to prison conditions under section 2241, rather than section 2254. *Id.* The court held that because "Plaintiffs are challenging the current health conditions of their confinement" and "not attacking their underlying sentences," the petition was properly brought under section 2241 rather than section 2254. *Id.* at 75.

McPherson and many other proposed class members were pretrial detainees who cannot assert claims under section 2254. *See Smith v. New Haven Superior Ct.*, No. 3:20-cv-744(KAD), 2020 WL 4284565, at *4 (D. Conn. July 27, 2020) (state pretrial detainee may challenge custody as unlawful under the Constitution in a habeas petition

---

[2] Plaintiff alleges that the facts of *Cook* are distinguishable. Pl.'s Opp., ECF No. 11-1 at 6. However, the court construed the petition in *Cook* as brought under section 2254 because the plaintiff was "in custody pursuant to the judgment of a State court." *Cook*, 321 F.3d at 278. Plaintiff in the present matter similarly is in custody pursuant to the judgment of a state court.

4

filed under section 2241) (citation omitted).  Petitioner, however, is a sentenced inmate. In addition, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).  Thus, this court is not bound by another judge's decision to consider the *McPherson* petition under section 2241.  See *Griffin v. Cook*, No. 3:20-CV-589 (JAM), 2020 WL 2735886, at *3 (D. Conn. May 26, 2020) (declining to follow *McPherson*); *Boland v. Wilkins*, No. 3:18CV01958 (MPS), 2021 WL 2106184, at *3 (D. Conn. May 25, 2021) (same).  The court considers the petition to be filed under section 2254.  See *Green*, 2021 WL 1670293, at *2 (construing section 2241 petition as if filed under section 2254 and citing cases).

Before filing a petition for writ of habeas corpus in federal court, Petitioner properly must exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1).  Petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including to the highest state court capable of reviewing it, so as to afford the state court system a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).  Section 2254's exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991).  Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly

5

deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B).

Petitioner concedes that he did not exhaust his state court remedies. He states, without explanation, that exhaustion would be futile. Pet. at 8. Exhaustion is futile only "when there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists.'" *Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013) (citation omitted), *aff'd*, 570 F. App'x 42 (2d Cir. 2014) (summary order). "In other words, there must be *no opportunity* to obtain redress in state court or the state process must be *so clearly deficient* as to render *futile* any effort to obtain relief." *Jumpp v. Cournoyer*, No. 3:13-CV-0892(VLB), 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam)). In his motion to dismiss, Respondent has identified several cases in which state inmate requests for compassionate release were considered expeditiously by the state courts, suggesting a lack of factual basis for Petitioner's claim of futility. *See* Respondent's Mem., ECF. No. 8-1, at 9-10. Petitioner does not explain his assertion of futility in his opposition papers.

Other judges within this district, when considering similar petitions seeking compassionate release, have concluded that neither circumstance excusing exhaustion has been established. *See, e.g., Green*, 2021 WL 1670293, at *5 (declining to conclude that exhaustion of state court remedies would be futile); *Griffin*, 2020 WL 2735886, at *5 ("My conclusion that Griffin's petition must be dismissed for failure to exhaust her state court remedies as required under section 2254 is consistent with the rulings of many federal courts nationwide that have addressed similar petitions by sentenced state

prisoners in response to the COVID-19 pandemic."). "Courts may excuse petitioners from exhausting their claims where relief is truly unavailable, but excusing exhaustion here, where state courts are available, would turn the habeas system upside down. Other courts have reached similar conclusions when faced with habeas petitions seeking release from state custody based on the COVID-19 pandemic." *Williams v. Reiser*, No. 17CV1040(JLS)(HBS), 2020 WL 3097181, at *4 (W.D.N.Y. June 11, 2020) (citation and internal quotation marks omitted). Accordingly, as Petitioner has not exhausted his state court remedies, Respondent's motion to dismiss is granted.[3] The petition is dismissed without prejudice to refiling after Petitioner has exhausted his state court remedies.

## III. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 8) hereby is **GRANTED**. The Petition is dismissed without prejudice to refiling after Petitioner exhausts his state court remedies. Because jurists of reason would not find it debatable that Petitioner failed to exhaust his state court remedies, any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds,

---

[3] The court notes that, even if the court were to consider the petition as having been filed under section 2241, it still would be dismissed for failure to exhaust all state court remedies. *See Green*, 2021 WL 1670293, at *3 n.2 (explaining that petitioner would be required to exhaust state court remedies even under section 2241). Although exhaustion under section 2241 is a judge-made rule, Petitioner still must comply. "While 28 U.S.C. Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 437 (D. Conn. 2020) (quoting *U.S. ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976)). The court in *McPherson* excused exhaustion in part because the state courts were operating at a diminished capacity in 2020 and the potential plaintiff class was very large. *See* 457 F. Supp. 3d at 78. Neither circumstance is applicable here. Thus, Petitioner would be required to exhaust state court remedies under section 2241, as well.

a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).  The clerk hereby is instructed to terminate this action.

**It is so ordered.**  Signed this 6th day of October, 2022, at Hartford, Connecticut.

```
           /s/
```
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE